**UNITED STATES of America, Plaintiff,**

v.

**Vean R. GREGG, Defendant.**

**No. 18047.**

United States District Court
W. D. Washington, N. D.
July 26, 1968.

John M. Darrah, Asst. U. S. Atty., Western District of Washington, Seattle, Wash., for plaintiff.

William A. Helsell, of Helsell, Paul, Fetterman, Todd & Hokanson, Seattle, Wash., for defendant.

LINDBERG, Chief Judge.

Appellant Gregg was convicted by the United States Commissioner, acting pursuant to 18 U.S.C., Section 3401, for an alleged violation of a regulation of the Secretary of Agriculture, namely 36 C.F.R., Section 271.75, insofar as it prohibited the unauthorized landing of aircraft in National Forest Wilderness, in violation of 16 United States Code, Section 551. He appeals to this Court under Rule 4, Rules for Trial of Petty Offenses before United State Commissioners.

The defendant noted four grounds in his Notice of Appeal. In substance, they are as follows:

1. The Wilderness Act specifically permits continued landing of aircraft at points in the Wilderness Area where such uses "have already become established * * *."

2. The Wilderness Act permits such landings except where the Secretary of

Agriculture has expressly imposed restrictions, which he has not done.

3. The powers given to the Secretary of Agriculture to impose restrictions on the landing of aircraft in Wilderness Areas do not include the power to prohibit such landings entirely.

4. The regulations of the Secretary regarding the landing of aircraft contain no penalty provision, and none is provided by law, so that they cannot be construed as criminal regulations.

The Wilderness Act of 1964 provides, Title 16 United States Code, Section 1133 (a), that it is supplementary to the purposes for which the National Forests are established and administered.

Section 1133(c) of the Act, so far as material to the matter before the Court, states that "except as necessary to meet minimum requirements for the administration of the area for the purpose of this chapter (including measures required in emergencies involving the health and safety of persons within the area), there shall be * * * no landing of aircraft * * * within any such area."

Thereafter, in Section 1133(d) (1) it is provided that the landing of aircraft *may*, not *shall,* be permitted where such use has become established.

After the Act was passed there was an initial period during which the old regulations, which permitted the landing of aircraft in areas where it had become established, remained in effect. Later the Secretary promulgated the new regulation, 36 Code of Federal Regulations, Section 251.75. This regulation was passed under the authority allegedly granted by 16 United States Code, Section 551, and the regulation, 36 Code of Federal Regulations, Section 251, refers to this authority. The regulation prohibits the landing of aircraft in Wilderness Areas carved out of National Forests except where permitted by the Wilderness Act, and adds that the Chief of the Forest Service *may* permit landing of aircraft at places where this use was established prior to the Act.

As I interpret the Wilderness Act, it prohibits the landing of aircraft in the Wilderness Area except where required for administration and certain emergencies. In addition, the Act gives the Secretary discretion to permit landings to continue where the practice has existed in the past without requiring him to give such permission.

With respect to the penalty provisions under which this prosecution has proceeded, the Secretary, as already noted, promulgated a regulation under his alleged Title 16 U.S.C., Section 551, power, prohibiting the landing of aircraft in the Wilderness Areas carved out of the National Forests except as permitted by the Act; i. e., for administrative needs including health emergencies.

Section 551 of Title 16, United States Code, provides, in part, that:

"The Secretary of Agriculture shall make provisions for the protection against destruction by fire and depredations upon the * * * national forests * * * and he may make such rules and regulations * * * as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction; and any violation of * * * such rules and regulations shall be punished by a fine of not more than $500 or imprisonment for not more than six months, or both."

In McMichael v. United States, 355 F.2d 283, Ninth Circuit, 1965, this statute was found to be authority for a conviction for violation of a regulation prohibiting the use of motor vehicles in areas of the National Forest system which had been administratively designated as "primitive areas" at a time before the Wilderness Act was passed.

Such authority was based in part upon the prior passage of the Multiple-Use Sustained-Yield Act of 1960, 74 Stat. 215, which declared:

"It is the policy of the Congress that the national forests are established and shall be administered for outdoor

recreation * * *. The purpose of this Act are declared to be supplemental to, but not in derogation of, the purposes for which the national forests were established as set forth in the Act of June 4, 1897 (16 U.S.C. 475)."

The Wilderness Act of 1964 contains the following language:

"The purposes of this chapter are hereby declared to be within and supplemental to the purposes for which national forests * * * are established and administered * * *." 16 United States Code, Section 1133(a).

■ When read with McMichael v. United States, supra, this establishes conclusively, it would appear, that violations of regulations of. the Secretary of Agriculture authorized by the Wilderness Act and which effectuate its purposes are made criminal by 16 U.S.C., Section 551.

Pertinent language of 16 U.S.C.A., Section 1133, The Wilderness Act of 1964, provides as follows:

(c) Except as specifically provided for in this chapter, and subject to existing private rights, there shall be * * * no temporary road, no use of motor vehicles, motorized equipment or motorboats, no landing of aircraft, no other form of mechanical transport, and no structure or installation within any such area.

(d) The following special provisions are hereby made:

(1) Within wilderness areas * * the use of aircraft or motorboats, where these uses have already become established, may be permitted to continue subject to such restrictions as the Secretary of Agriculture deems desirable. In addition, such measures may be taken as may be necessary in the control of fires, insects, and diseases, subject to such conditions as the Secretary deems desirable.

* * *

(4) * * * (2) The grazing of livestock, where established prior to September 3, 1964, shall be permitted to continue subject to such reasonable regulations as are deemed necessary by the Secretary of Agriculture.

■ The defendant's argument is that the language of the special provision in Section 1133(d) (1) that the use of aircraft "may be permitted to continue subject to such restrictions as the Secretary of Agriculture deems desirable" is to be read as meaning that the landing of aircraft *shall* be permitted to continue; that is, that the blanket prohibition on the landing of aircraft contained in Section 1133(c) does not apply at all to places where the use of airplanes has become established, but that the Secretary may regulate such activity.

However, the quoted language from Section 1133(d) (4) (2) clearly shows that the Congress knew how to write such an exception if they had intended one.

As written, the language of subsections (c) and (d) (1) of Section 1133 say quite specifically that all landing of aircraft is prohibited, but that the Secretary may, by positive regulation, create an exception to this blanket prohibition at places where the use of aircraft was established before the passage of the Act.

It is the Court's conclusion that Appellant's appeal is without merit and the judgment of the Commissioner is affirmed.